IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.F.,                                     :
                    Petitioner           :
                                          :
          v.                              :
                                          :
Department of Human Services,             :    No. 728 C.D. 2023
                    Respondent           :    Submitted: August 9, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE FIZZANO CANNON                          FILED: October 1, 2024


          J.F. (Petitioner) petitions for review of the June 14, 2023 order (BHA
Order) of the Department of Human Services' (Department), Bureau of Hearings
and Appeals (BHA), that denied Petitioner's appeal of his placement on the
statewide ChildLine and Abuse Registry (ChildLine Registry)[1] as a perpetrator in an
indicated report of child abuse. For the reasons that follow, we affirm.

          The facts underlying this matter are straightforward and not in dispute.
On August 4, 2021, the Department mailed Petitioner a letter advising him that he
had been listed on the ChildLine Registry as a perpetrator in an indicated report of
child abuse. *See* Adjudication and Recommendation dated June 14, 2023
(Adjudication) at 3, Certified Record (C.R.) at 31; *see also* Letter from Department

---

[1] The ChildLine Registry is "[a]n organizational unit of the Department which operates a
Statewide toll-free system for receiving reports of suspected child abuse established under section
6332 of the [Child Protective Services Law (CPSL), 23 Pa.C.S. § 6332,] (relating to establishment
of Statewide toll-free telephone number), refers the reports for investigation and maintains the
reports in the appropriate file." 55 Pa. Code § 3490.4.

to Petitioner dated August 4, 2021, C.R. at 14-15. Petitioner timely appealed on August 18, 2021, seeking the expungement of the indicated finding (Expungement Appeal). *See* Adjudication at 3, C.R. at 31; *see also* Expungement Appeal received August 18, 2021, C.R. at 15. An administrative law judge (ALJ) conducted a hearing on the matter,[2] and the hearing record closed on August 23, 2022. *See* Adjudication at 3, C.R. at 31; *see also* March 10, 2022 Hearing Transcript, C.R. at 116-276; June 24, 2022 Hearing Transcript, C.R. at 278-412. The ALJ issued the Adjudication on June 14, 2023, recommending the denial of the Expungement Appeal. *See* Adjudication, C.R. at 30-43. Also on June 14, 2023, the BHA adopted the Adjudication in its entirety and issued the BHA Order denying the Expungement Appeal. *See* BHA Order, C.R. at 29. After the filing of multiple unsuccessful petitions for reconsideration,[3] Petitioner timely appealed the BHA Order to this Court on July 12, 2023.

On appeal,[4] Petitioner argues that the BHA violated his right to procedural due process by failing to comply with statutory time requirements for the issuance of a prompt decision regarding the Expungement Appeal. *See* Petitioner's Br. at 3, 6-12. In support, Petitioner cites Section 6341(c.3) of the Child Protective

---

[2] The hearing occurred over two dates: March 10, 2022, and June 24, 2022. *See* Adjudication at 3, C.R. at 31; *see also* March 10, 2022 Hearing Transcript, C.R. at 116-276; June 24, 2022 Hearing Transcript, C.R. at 278-412.

[3] Petitioner filed three petitions for reconsideration on June 27, 2023, June 29, 2023, and June 30, 2023. The Department denied all three requests for reconsideration by order dated July 7, 2023.

[4] "Our scope of review is limited to determining whether a legal error has been committed, whether constitutional rights have been violated, or whether the necessary findings of fact are supported by substantial evidence." *T.W. v. Dep't of Pub. Welfare*, 38 A.3d 1067, 1076 n.8 (Pa. Cmwlth. 2012); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Services Law (CPSL)[5] and relies on subsection (c.3) thereof, which provides a 45-day time limit for the filing of a decision by an ALJ or a hearing officer. *See* 23 Pa.C.S. § 6341(c.3). Specifically, Section 6341(c.3) of the CPSL provides:

> **Prompt decision.--**The administrative law judge's or hearing officer's decision in a hearing under subsection (c.2) shall be entered, filed and served upon the parties within 45 days of the date upon which the proceeding or hearing is concluded unless, within that time, the tribunal extends the date for the decision by order entered of record showing good cause for the extension. In no event shall an extension delay the entry of the decision more than 60 days after the conclusion of the proceeding or hearing.

23 Pa.C.S. § 6341(c.3). Based on this section of the CPSL, Petitioner argues that the delay in the issuance of the Adjudication and the BHA Order amounts to an unjustifiable violation of his right to reputation.[6] *See* Petitioner's Br. at 6-12. Petitioner does not challenge the substantive findings or determination of the Adjudication or the BHA Order, but instead asks this Court to vacate the BHA Order denying the Expungement Appeal based solely on the delay in the issuance of the BHA Order. *See* Petitioner's Br. at 12. Petitioner is not entitled to relief.

The CPSL provides that a person named as a perpetrator in an indicated report of child abuse may request administrative review within 90 days after notification of being named in an indicated report. *See* 23 Pa.C.S. § 6341(A)(2).

---

[5] 23 Pa.C.S. §§ 6301-6386.

[6] Petitioner cites two fundamental rights as implicated in this matter: his right to reputation and his right to "liberty." *See* Petitioner's Br. at 5, 6, 9. However, while mentioning the right to liberty, Petitioner's brief develops his argument only as to his right to reputation. *See generally* Petitioner's Br. For these reasons, we treat Petitioner's claim as one implicating only his right to reputation.

Such a request triggers a right to a hearing, the closing of the record which in turn ostensibly triggers a 45-day time limitation (absent the entry of an order granting an up to 60-day extension for good cause shown) for the ALJ or hearing officer to file a decision. *See* 23 Pa.C.S. § 6341(c.2) & (c.3).

As this Court has explained:

> Due process is fully applicable to administrative hearings involving substantial property and/or liberty rights. Under both our federal and state constitutions, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. The United States Supreme Court has consistently held that "some form of hearing" is required before a final deprivation of a protected interest, although the exact nature and mechanism of the required procedure will vary based upon the unique circumstances surrounding the controversy. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.

*S.F. v. Dep't of Hum. Serv.*, 298 A.3d 495, 510 (Pa. Cmwlth. 2023) (internal citations, some quotation marks, and footnote omitted). Here, it is undisputed that Petitioner received adequate notice of the hearing on the Expungement Appeal, that the BHA conducted that hearing, and that Petitioner was afforded an opportunity at the hearing to be heard and to defend himself. Petitioner does not challenge that he was afforded these basic requirements of due process. Instead, Petitioner bases his procedural due process argument exclusively on the fact that the Adjudication and the BHA Order were issued beyond the 45-day prompt decision period provided in Section 6341(c.3) of the CPSL for the issuance of decisions in matters like the Expungement Appeal. As it is also undisputed that the BHA issued the BHA Order

4

outside of the 45-day period specified in Section 6341(c.3) of the CPSL,[7] the sole issue for this Court's review is therefore whether the delay in the issuance of the BHA Order violated Petitioner's due process rights.

Our Supreme Court has explained that "the amount of process that is due in any particular circumstance must be determined by application of the three-part balancing test first established in *Mathews v. Eldridge*, 424 U.S. 319 [] (1976)." *Friends of Danny DeVito v. Wolf*, 227 A.3d 872, 897 (Pa. 2020).

> This balancing test considers three factors: (1) the private interest affected by the governmental action; (2) the risk of an erroneous deprivation together with the value of additional or substitute safeguards; and (3) the state interest involved, including the administrative burden the additional or substitute procedural requirements would impose on the state.

*Id.*

Regarding the first prong of the *Mathews* test – the private interest affected by the government action – this Court has held that placement of an individual on the ChildLine Registry implicates the private interest of an individual's right to reputation, which Pennsylvania's constitution expressly protects as an inherent and indefeasible right. *See S.F.*, 298 A.3d at 509; *see also* Pa. Const. art. I, § 1.[8] Our Supreme Court has concluded, however, that because "only a limited

---

[7] The final day of the Expungement Appeal hearing occurred on June 24, 2022. Because the BHA did not enter an order on the record extending the decision date, the Section 6341(c.3) prompt decision deadline would have elapsed 45 days later, or on August 8, 2022.

[8] Regarding the inherent rights of mankind, article I, section 1 of the Pennsylvania Constitution states: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring,

number of people in a limited set of situations have access to the confidential statewide [ChildLine] Registry[,]" persons placed on the ChildLine Registry are not "stigmatized in the eyes of the general public, and the adverse effects on [] reputation [are] very limited." *G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 672-73 (Pa. 2014) (citing and discussing *R. v. Dep't of Pub. Welfare,* 636 A.2d 142, 149 (Pa. 1994)). Indeed, for the most part, access to ChildLine Registry information is limited to discrete situations involving adoptive or foster parents, where an individual's employment brings them in contact with children, or with persons licensed to provide child daycare in their residence, and the unauthorized release of such information carries possible criminal penalties. *See* 23 Pa.C.S. §§ 6344, 6344.1, 6344.2 & 6349. The evidence of record does not indicate that Petitioner is involved in any of the discrete scenarios whereby his ChildLine Registry status would be disclosed. Even if it did, such disclosure would be limited. *See G.V.*; 23 Pa.C.S. §§ 6344, 6344.1, 6344.2 & 6349. Thus, the claimed reputational damages Petitioner claims would result from his placement on the ChildLine Registry does not weigh heavily in his favor under the first prong of the *Mathews* test.

The second prong of the *Mathews* test concerns the risk of an erroneous deprivation of process together with the value of additional or substitute safeguards. Again, Petitioner bases his procedural due process argument herein exclusively on the BHA's failure to comply with the 45-day prompt decision deadline of Section 6341(c.3). However, "[t]his [C]ourt has consistently held that provisions which impose time limitations on procedures before adjudicative tribunals are directory, rather than mandatory, even when phrased in mandatory language[.]" *Winston v.*

---

possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

*Dep't of Pub. Welfare*, 675 A.2d 372, 375 (Pa. Cmwlth. 1996) (listing cases). Where an administrative agency fails to act within a specified time period, the Court reviews a number of other factors to determine whether the failure to comply with the time period merits relief, including the prejudice suffered by the parties, the penalties specified for failure to comply with the specified time period, and the intent of the law to which the time period applies. *See J.L. v. Dep't of Pub. Welfare*, 575 A.2d 643, 646-47 (Pa. Cmwlth. 1990).

In *J.L.*, a petitioner challenged the timeliness of a hearing officer's adjudication[9] and the BHA's order denying his request to expunge a report of indicated child abuse. *See J.L.*, 575 A.2d at 645. The Court rejected the petitioner's contention that a nearly eight-month lapse between the date on which the hearing record was closed and the date on which the hearing officer filed his recommendation denied the petitioner's right to a speedy decision. *See id.* The Court discerned no prejudice to the petitioner where the report of indicated child abuse was subsequently found to be substantiated by a final order of the BHA within three days of the filing of the recommendation. *See id.* at 646. Even more significant than the lack of prejudice to the petitioner, the Court noted the fact that no penalty attached as a result of a failure to comply with the specified time limitation at issue – meaning, for example, there were no provisions which required an appeal to be

---

[9] *J.L.* concerned a time limitation contained in Section 275.4(b)(1) of the Pennsylvania Code, which provides, in pertinent part:

> (1) Final administrative action must be taken in hearings within the following time limits: . . . 90 days from the date of an appeal from an agency decision affecting cash assistance, medical assistance, or social service.

55 Pa. Code § 275.4(b)(1).

7

deemed granted on the basis of noncompliance. *See id.* at 646 & n.8. The Court explained that "[t]he absence of a penalty in the event of noncompliance certainly suggests that the time periods incorporated by reference in [the regulation in question] were, more likely than not, intended to be directory, as opposed to mandatory, in nature, despite the use of the word "must" in [the regulation.]" *J.L.*, 575 A.2d at 646-47. Ultimately, in consideration of the absence of prejudice to the petitioner and the absence of a penalty for noncompliance, the Court declined to strictly enforce the time limitation for the filing of the decision so as to render the merits of the decision ineffective. *See id.* at 647. The Court further noted that, to allow the vacation of a decision denying an expungement request on the merits on such a procedural argument "would visit an injustice upon the very party the [l]aw intended to protect." *Id.* (noting that "[t]o sacrifice the safeguard afforded to [the p]etitioner's daughter in the form of a filed, substantiated report of indicated child abuse solely on the basis of a procedural error committed by [BHA] would, for all practical intents and purposes, serve only to penalize the child").

This Court relied on *J.L.* in denying a similar time limitation argument in *Winston*, a case in which an appeal hearing had occurred outside a 90-day time limitation specified in the Department of Public Welfare's manual.[10] *See Winston*, 675 A.2d 374-77. As in *J.L.*, the petitioner in *Winston* suffered no prejudice from the delay, and the authority containing the time limitation contained no provision requiring the granting of an appeal based on noncompliance, *i.e.*, no penalty for noncompliance. *See id.* at 376-77. Therefore, the Court found the time limitation in

---

[10] Section 9003.11(F) of the Department of Public Welfare Manual, 7 Pa.B. 3268 (1977), provided that "[i]n no case shall the hearing be scheduled more than 90 days after the appeal has been taken."

8

question to be directory, as opposed to mandatory. *See id.* As it had in *J.L.*, the Court determined that a dismissal based on procedural grounds would

> circumvent the primary objective of the regulations, namely, to provide standards to aid in protecting the health, safety and rights of children and to reduce risks to children in group child day care homes. Thus, to sacrifice the safeguards provided by these regulations solely on the basis of [the Department of Public Welfare's] procedural error would serve only to penalize the children.

*Id.* at 377 (internal citation and quotation marks omitted). Thus, the Court followed *J.L.* and declined to strictly enforce the time period in question. *See id.* at 377.

The instant matter involves an ostensibly mandatory 45-day time period during which the ALJ/BHA was to have entered, filed, and served the Adjudication/BHA Order upon the parties. *See* 23 Pa.C.S. § 6341(c.3). It is undisputed that the BHA Order was entered outside the time period specified in Section 6341(c.3) of the CPSL. However, because the report of indicated child abuse was subsequently found to be substantiated by the Adjudication and the BHA Order, Petitioner suffered no prejudice from the delay. Further, the CPSL contains no penalty for noncompliance with the time limitation, *i.e.* no provision for the grant of an appeal based on noncompliance. Thus, as in *J.L.*, the 45-day time period for the entry of an order following the conclusion of the hearing on the Expungement Appeal is directory, as opposed to mandatory, despite the use of the word "shall" in 23 Pa.C.S. § 6341(c.3). *See J.L.*, 575 A.2d at 646-47. Accordingly, the second *Mathews* factor weighs against vacating the BHA Order based on any risk of an erroneous deprivation of process.

9

Regarding the third *Mathews* factor, the state interest involved, we observe that the CPSL's express purpose is the protection of children from abuse.[11] As in previous cases addressing this issue, we observe that dismissal of the instant matter on procedural grounds would circumvent the CPSL's purpose and penalize only child victims or potential victims of abuse. *See J.L.*, 575 A.2d at 647; *see also Winston*, 675 A.2d at 377. Thus, the third *Mathews* factor also weighs in favor of a finding that Petitioner received adequate process.

On balance, the *Mathews* factors discussed above weigh in favor of a conclusion that Petitioner received adequate procedural due process in the instant matter. Thus, for the above reasons, we find that BHA's noncompliance with the 45-day time period contained in 23 Pa.C.S. § 634(c.3) did not violate Petitioner's

---

[11] Section 6302 of the CPSL outlines the CPSL's purpose as follows:

> **(b) Purpose.--**It is the purpose of this chapter to encourage more complete reporting of suspected child abuse; to the extent permitted by this chapter, to involve law enforcement agencies in responding to child abuse; and to establish in each county protective services for the purpose of investigating the reports swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents involved so as to ensure the child's well-being and to preserve, stabilize and protect the integrity of family life wherever appropriate or to provide another alternative permanent family when the unity of the family cannot be maintained. It is also the purpose of this chapter to ensure that each county children and youth agency establish a program of protective services with procedures to assess risk of harm to a child and with the capabilities to respond adequately to meet the needs of the family and child who may be at risk and to prioritize the response and services to children most at risk.

23 Pa.C.S. § 6302(b).

right to procedural due process and, accordingly, we affirm the BHA Order.

_____
CHRISTINE FIZZANO CANNON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.F.,                                          :
                           Petitioner          :
                                               :
              v.                               :
                                               :
Department of Human Services,                  :    No. 728 C.D. 2023
                           Respondent          :

# **O R D E R**

AND NOW, this 1st day of October, 2024, the June 14, 2023 order of the Department of Human Services' Bureau of Hearings and Appeals is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge